UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL K. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:12-CV-367 RM |
| | ) |
| MR. WILSON, Superintendent, | ) |
| Indiana State Prison, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Michael Johnson, a prisoner confined at the Indiana State Prison, filed a complaint under 42 U.S.C.§ 1983, alleging that Indiana Department of Correction ("IDOC") officials violated his federally protected rights. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a dismissal motion, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind, however, "that [a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Johnson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Johnson alleges that IDOC officials violated his due process rights when they transferred him to a higher security level prison. There is no Fourteenth Amendment liberty interest implicated in the inter-institutional or intra-institutional transfer of an inmate. Meachum v. Fano, 427 U.S. 215, 225-226 (1976); Montayne v. Haymes, 427 U.S. 236 (1976). "The conviction (of a criminal defendant) has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons," Meachum v. Fano, 427 U.S. at 224. Accordingly, Mr. Johnson has no right to demand that the State of Indiana confine him in any specific facility or in a facility of any particular security level, or that he receive due process before being transferred from one facility to another. Subject only to Eighth amendment restrictions, "a state can confine a prisoner as closely as it wants, in solitary confinement if it wants." Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir. 1991).

Mr. Johnson alleges that he "was badly injured by another offender" but that "nothing was done to that inmate for 'biting' the Plaintiff's nose half way off" (DE 1 at 5).

2

While the Constitution provides due process protections to inmates who are the subject of disciplinary actions in some circumstances, Wolff v. McDonnell, 418 U.S. 539 (1974), nothing in the Constitution or federal law guarantees that prison officials will take disciplinary action against another inmates for injuring a particular inmate.

Mr. Johnson also alleges that institutional officials "violated the Indiana Dept. of Correction disciplinary process for adult offenders" during a prison disciplinary preceding (DE 1 at 5). A suit under 42 U.S.C. § 1983 must be based on a violation of the federal Constitution or laws, and prison officials' failure to follow departmental policy in a prison disciplinary action doesn't violate the Fourteenth Amendment's due process clause. Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir. 1982); Bills v. Henderson, 631 F.2d 1287 (6th Cir. 1980).

Finally, Mr. Johnson alleges that the defendants violated the Fifth Amendment's double jeopardy clause and that "today the Plaintiff is being held . . . Wrongfully after serving both his consecutive sentences" (DE 1 at 5). According to the complaint, Mr. Johnson suffered grievous loss at his prison disciplinary hearing (DE 1 at 6), which means he lost earned credit time, thus lengthening the duration of his confinement.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the United States Supreme Court considered the relationship between 42 U.S.C. §1983 and 28 U.S.C. §2254, and concluded "that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of §1983." Heck v. Humphrey, 512 U.S. 477, 481

3

(1994), citing Preiser v. Rodriguez, 411 U.S. at 488-490. As a prisoner of the State of Indiana, Mr. Johnson has a protected liberty interest in good-time credits he has earned because loss of such credits affects the length or duration of his confinement. Cochran v. Buss, 381 F.3d 637, 639 (7th Cir. 2004) (per curium); Piggie v. McBride, 277 F.3d 922, 924 (7th Cir. 2002). Accordingly, habeas corpus relief is an appropriate remedy to seek for loss of good-time credits. Cochran v. Buss, 381 F.3d at 639; Moran v. Sondalle, 218 F.3d 647, 650–651 (7th Cir. 2000); Harris v. Duckworth, 909 F.2d 1057, 1058 (7th Cir. 1990).

Mr. Johnson seeks damages, not release from custody, but his claim that his sentence has expired is predicated on his having been held past his outdate because he lost earned credit time in a disciplinary hearing. If the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. at 486-487. This doctrine applies to prison disciplinary hearings in which the plaintiff lost good time credits or was demoted in credit time earning classification. Edwards v. Balisok, 520 U.S. 641 (1997).

To award damages to Mr. Johnson for being held past his outdate because would undermine the finding of guilt in the prison disciplinary proceeding at which he lost earned credit time. Accordingly, Heck v. Humphrey and Edwards v. Balisok mean Mr. Johnson can't sue the defendants in a § 1983 action for damages for being held past his

4

outdate until the prison disciplinary proceeding at which he lost earned credit time has been set aside either in a state proceeding a federal habeas proceeding.

For the foregoing reasons, the court DISMISSES the complaint pursuant to 28 U.S.C. § 1915A. The dismissal of the plaintiff's claim that he is being held past his outdate is dismissed without prejudice to his right to refile that claim if he is able to have the finding of guilt in his prison disciplinary proceeding set aside.

SO ORDERED.

ENTERED: August 13, 2012

           /s/ Robert L. Miller, Jr.
           Judge
           United States District Court